**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| David L. Groves, ) | Civil Action No. 8:13-00019-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Paula C. Daffin and Robert C. Daffin, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff David L. Groves ("Plaintiff") filed this action seeking to set aside the allegedly fraudulent transfer of an interest in real property made by judgment debtor, Robert C. Daffin ("Robert Daffin"). (ECF No. 9.) Specifically, Plaintiff alleges that Robert Daffin fraudulently transferred his ownership interest in his residence to his wife, Paula C. Daffin ("Paula Daffin"), to avoid paying amounts owed to Plaintiff pursuant to a judgment. (Id. at 2-4.)

This matter is before the court on a motion by Robert Daffin and Paula Daffin (collectively "Defendants") to dismiss the amended complaint on the basis that Plaintiff's claim for fraudulent transfer is time-barred by the applicable statute of limitations. (ECF No. 17.) Plaintiff opposes Defendants' motion in its entirety. (ECF No. 18.) For the reasons set forth below, the court **DENIES** Defendants' motion to dismiss.

### I.     RELEVANT BACKGROUND TO PENDING MOTION

Stone Mountain Productions, Inc. ("SMP"), a company owned by Robert Daffin, agreed to purchase stock from Plaintiff in exchange for a promissory note in the amount of $900,000.00. (ECF No. 9 at 3 ¶¶ 9-12.) After SMP stopped making the monthly payments required by the promissory note, Plaintiff sued SMP and Robert Daffin in June 2005. (Id. at 4 ¶ 16.) On September 5, 2007, Robert Daffin sold to Paula Daffin his one-half (1/2) undivided interest in

their residence located at 115 North Wynward Pointe Drive, Salem, South Carolina (the "North Wynward Property") in exchange for $5.00 and love and affection. (Id. at 4 ¶ 18 (referencing ECF No. 11-1 at 2-4).) On July 12, 2012, Plaintiff received a judgment against Robert Daffin in the amount of $308,000. (Id. at 2 ¶¶ 6-8 (referencing ECF No. 9-1 at 4).)

On January 2, 2013, Plaintiff filed a complaint in this court alleging that Robert Daffin had fraudulently conveyed his interest in the North Wynward Property to Paula Daffin. (ECF No. 1 at 3 ¶ 16.) In response to Plaintiff's complaint, Defendants filed a motion to dismiss on June 21, 2013, arguing that (1) the court lacked subject matter jurisdiction over the matter, (2) the allegations in the complaint failed to establish the amount in controversy required for diversity jurisdiction, and (3) Plaintiff's claim was time-barred by the applicable statute of limitations. (ECF No. 8-1 at 1.)

On February 13, 2013, Plaintiff filed an amended complaint and opposition to Defendants' motion to dismiss. (ECF Nos. 9, 10.) Plaintiff filed an amendment to his amended complaint on February 15, 2013, which amendment added a copy of Defendants' quit claim deed to the record. (ECF No. 11.) On February 28, 2013, Defendants filed a reply in support of dismissal of the lawsuit. (ECF No. 12.) On June 18, 2013, the court denied as moot (and without prejudice) Defendants' motion to dismiss the complaint on the basis that Plaintiff had filed an amended complaint. (ECF No. 15.)

On June 28, 2013, Defendants filed a motion to dismiss the amended complaint asserting that Plaintiff's claim for fraudulent transfer was time-barred by the applicable statute of limitations. (ECF No. 17.) Plaintiff filed opposition to Defendants' motion to dismiss on July 11, 2013, to which Defendants filed a reply in support of dismissal on July 22, 2013. (ECF Nos. 18, 19.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     <u>Motions to Dismiss Claims that are Time-Barred</u>

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." <u>Francis v. Giacomelli</u>, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted). A defendant can raise a statute of limitations affirmative defense in a motion under Fed. R. Civ. P. 12(b)(6). See <u>El Hadidi v. Intracoastal Land Sales, Inc.</u>, Civil Action No. 4:12–cv–00535–RBH, 2013 WL 625575, at *2 (D.S.C. Feb. 20, 2013). A statute of limitations defense must "clearly appear[] on the face of the complaint." <u>Richmond, Fredricksburg & Potomac R. Co. v. Forst</u>, 4 F.3d 244, 250 (4th Cir. 1993). In other words, the complaint must clearly "allege all facts necessary to the affirmative defense." <u>Goodman v. Praxair, Inc.</u>, 494 F.3d 458, 464 (4th Cir. 2007) (citing <u>Forst</u>, 4 F.3d at 250). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. <u>Ostrzenski v. Seigel</u>, 177 F.3d 245, 251 (4th Cir. 1999); <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993).

Generally under South Carolina law, an action to set aside a transfer asserting that the transfer is a fraudulent conveyance must be brought within three (3) years from the date of discovery. <u>See</u> S.C. Code Ann. § 15-3-530(7) (1988).

B.     <u>The Parties' Arguments Regarding Defendants' Motion to Dismiss</u>

Defendants move to dismiss the amended complaint arguing that Plaintiff's attempt to set aside the sale of Robert Daffin's interest in the Wynward Property is time-barred because the applicable statute of limitations is three (3) years and Plaintiff filed this lawsuit more than six (6) years after the transfer. (ECF No. 17-1 at 1-3 (citing S.C. Code § 15-3-530(7)).) In support of

their argument, Defendants assert that a cause of action accrues in South Carolina "when the allegedly wrongful conduct occurs." (Id. at 3 (citing Harold Tyner Dev. Builders, Inc. v. Firstmark Dev. Corp., 429 S.E.2d 819, 823 (S.C. Ct. App. 1993) ("A cause of action in deceit accrues immediately on the successful consummation of the fraud.") (citation omitted)).) In this regard, Defendants argue that "Plaintiff's cause of action arose when the allegedly fraudulent conveyances took place, i.e., more than five years before the date of the action and well outside the three-year statute of limitations . . . ." (Id.)

In opposing Defendant's motion to dismiss the amended complaint, Plaintiff argues that his action was timely filed because he filed the complaint within three (3) years of becoming a creditor of Robert Daffin and the statute of limitations was tolled pursuant to the discovery rule. (ECF No. 18 at 5.) In support of his argument, Plaintiff asserts that "[a] cause of action accrues at the moment when the plaintiff has a legal right to sue on it." (Id. at 6 (quoting Matthews v. City of Greenwood, 407 S.E.2d 668, 669 (S.C. Ct. App. 1991) (citations omitted)).) In this regard, Plaintiff asserts that he did not have standing to bring a claim against Robert Daffin for fraudulent transfer until after he became a judgment creditor of Daffin on July 12, 2012. (Id. at 7 (referencing ECF No. 9-1 at 4).) Therefore, Plaintiff argues that his complaint is not time-barred because it was filed within three (3) years of July 12, 2012.

In their reply brief, Defendants assert that Plaintiff's position is without merit because "[t]he statute of limitations on a fraudulent conveyance claim is calculated from the date of the transfer (or the date that the potential becomes aware of such transfer), not the date that the party asserting the claim obtained a judgment against the transferor." (ECF No. 19 at 2.)

C.   The Court's Review

Defendants contend that Plaintiff's claim is time-barred, as the alleged fraudulent transfer

4

occurred on September 5, 2007 and this lawsuit was not filed until January 2, 2013.  (See ECF Nos. 1, 11-1 at 2-4.)  The statute of limitations relevant to Plaintiff's claim is established in S.C. Code Ann. § 15-3- 530(7), which provides that the three years statute of limitations is applicable "to any action for relief on the ground of fraud in cases which prior to the adoption of the Code of Civil Procedure in 1870 were solely cognizable by the court of chancery, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts constituting the fraud; . . . ."  S.C. Code Ann. § 15-3-530(7) (1988).  However, the statute of limitations in South Carolina as to fraud claims may be extended by the discovery rule, which provides that the statute of limitations "does not begin to run until discovery of the fraud itself or of 'such facts as would have led to the knowledge thereof, if pursued with reasonable diligence.'"  Burgess v. The Am. Cancer Soc'y, 386 S.E.2d 798, 799 (S.C. Ct. App. 1989) (quoting Grayson v. Fidelity Life Ins. Co. of Phila., 103 S.E. 477, 478 (S.C. 1920)).  Therefore, the court must determine when Plaintiff knew or reasonably should have learned of facts that would have given him an indication that Defendants' transfer of property might have been fraudulent in nature.

Upon review, the court notes that the only allegation in the amended complaint regarding the transfer at issue states that "[o]n September 5th, 2007, Robert sold and released his one-half (1/2) undivided interest in the residence to his wife, Paula Daffin, for and in consideration of the sum of five dollars ($5.00) and love and affection . . . [and] [a] certified copy of the quit claim deed for the real estate is attached hereto as Exhibit 'B'."  (ECF No. 9 at 4 ¶ 18.)  This allegation does not specify when Plaintiff gained knowledge of the transfer.  Moreover, Plaintiff's act of attaching a copy of Defendants' deed to his amended complaint does not support an inference that Plaintiff had knowledge or constructive notice of the transfer at issue on or around

5

September 6, 2007, the date on which the deed from Robert Daffin to Paula Daffin was recorded in Register of Deeds of Oconee County, South Carolina.  The "registration of a deed, by itself, is not sufficient to put a creditor on constructive notice of a fraudulent transfer."  In re J.R. Deans Co., Inc., 249 B.R. 121, 132-33 (Bankr. D.S.C. 2000) (citing, e.g., Means v. Feaster, 4 S.C. 249, 257 (1873) ("The recording of the deeds is only notice of their execution and the contents."); ASA Godbold v. Lambert, 29 S.C. Eq. 155, 1856 WL 3275, at *6 (Ct. App. Eq. 1856) ("If notice of the deed is notice of the fraud, the plaintiff is barred. But that proposition cannot be sustained. There is no rationality in it. Fraudulent deeds are always fair on their face. Parties, about to commit a fraud, do not blaze on it upon the face of the deed, and invite the gaze of the world by spreading it upon the books of the Register.)).  Therefore, accepting as true all well-pleaded allegations and viewing the amended complaint in a light most favorable to Plaintiff, the court finds that neither the allegations in the amended complaint regarding the transfer nor the recording of Defendants' deed establish that Plaintiff had knowledge or constructive notice of the transfer in early September 2007.

In addition to the foregoing, the court finds that the amended complaint does not contain any other allegations sufficient enough to allow a determination as to when Plaintiff acquired facts that should have led to the knowledge of the allegedly fraudulent transfer, if pursued with reasonable diligence.  Accordingly, Defendants' motion to dismiss Plaintiff's claim for fraudulent transfer must be denied because the allegations in the amended complaint do not support dismissal based on the applicable three (3) year statute of limitations.  Richmond, Fredricksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993) (A statute of limitations defense must "clearly appear[] on the face of the complaint.").

### III.    CONCLUSION

Upon careful consideration of the allegations in the amended complaint and the statute of limitations applicable to the claim stated therein, the court hereby **DENIES** the motion to dismiss of Defendants Paula C. Daffin and Robert C. Daffin.  (ECF No. 17.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 5, 2014
Greenville, South Carolina